**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

Chambers of
**Ellen Lipton Hollander**
District Court Judge

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2020 MAR 11 PM 8:14

101 West Lombard Street
Baltimore, Maryland 21201
CLERK 410-962-0742
AT BALTIMORE

BY_____DEPUTY

March 11, 2020

MEMORANDUM TO COUNSEL

Re: *Baltimore Scrap Corp. v. Executive Risk Specialty Insurance Co., et al.*
Civil Action No. ELH-18-2743

Dear Counsel:

As you know, plaintiff Baltimore Scrap Corporation ("Baltimore Scrap") sued defendants Executive Risk Specialty Insurance Company ("Executive") and RLI Insurance Company ("RLI"), alleging breach of contract regarding insurance coverage "for a series of thefts" that occurred in one of Baltimore Scrap's scrap yards. ECF 1, ¶ 1. RLI timely answered the suit. ECF 24. The claim against Executive has been dismissed. See ECF 26; ECF 27; ECF 33.

On May 23, 2019, I entered a Scheduling Order. ECF 29. Among other things, it set the close of discovery for December 2, 2019, and the deadline for dispositive pretrial motions as January 6, 2020. *Id.* at 1. Thereafter, on November 15, 2019, Baltimore Scrap obtained new counsel. ECF 36.

In the interim, on October 21, 2019, well before the deadline in the Scheduling Order, Baltimore Scrap filed a motion for partial summary judgment as to defendant RLI. ECF 35 (the "Summary Judgment Motion"). Curiously, RLI did not timely file an opposition to the Summary Judgment Motion. *See* Docket. But, months later, RLI filed a motion for leave to file an opposition to the Summary Judgment Motion, and to file a cross motion for summary judgment. ECF 37 (the "RLI Motion"). It has also filed a "Consent Motion to Modify/Reset the Scheduling Order." ECF 38 (the "Scheduling Motion"). There, RLI asks for additional time to respond to the Summary Judgment Motion and to "conduct limited discovery of the Plaintiff." ECF 38, ¶ 9.

RLI claims that, on or about November 15, 2019, RLI sought plaintiff's consent for an extension of time to respond to the Summary Judgment Motion, because "RLI needed additional time to conduct further investigations." ECF 37, ¶ 3. According to RLI, plaintiff's counsel "consented to the late filing. . . ." *Id.* Further, RLI asserts: "Counsel for both parties agreed to extend the response time and modify the scheduling order on the condition [that] RLI produces documents in response to the Plaintiff's request for the production of documents." ECF 38, ¶ 8. But, no "proposed date was agreed upon." ECF 37, ¶ 3.

RLI contends that it complied and produced documents to plaintiff on November 25, 2019. ECF 38, ¶ 8. However, according to RLI: "The Plaintiff has recently informed RLI that it was withdrawing its consent due to the lengthy delay." ECF 37, ¶ 3.

Defense counsel certainly should have sought an extension from the Court. The Court could have ruled on the Summary Judgment Motion, thinking it was unopposed.

Nevertheless, I am amenable to a modification of the Scheduling Order. The management of litigation is within "the inherent power" of the Court. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962) (discussing "the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

In my view, it is an inefficient use of the Court's strained resources to decide claims in this case on a piecemeal basis, and before discovery is completed. The Summary Judgment Motion is premature because it was filed before the completion of discovery. "Summary judgment before discovery forces the non-moving party into a fencing match without a sword or mask." *McCray v. Maryland Dept. of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014).

Moreover, I do not want the Summary Judgment Motion to languish on my docket while discovery is conducted. Therefore, I shall deny the Summary Judgment Motion (ECF 35) as premature, *without prejudice* to the right of plaintiff to renew this motion once discovery is completed.

I shall also deny the RLI Motion (ECF 37), as moot. And, I shall grant the Scheduling Motion (ECF 38).

The following deadlines shall govern:

## DEADLINES

| | |
|---|---|
| April 15, 2020: | Discovery deadline; submission of status report |
| April 22, 2020: | Responses to requests for admission (if any) |
| May 1, 2020: | Deadline for plaintiff's motion for summary judgment |
| May 15, 2020: | Deadline for defendant's opposition and cross motion for summary judgment |
| May 29, 2020: | Deadline for plaintiff's reply and opposition to defendant's cross motion for summary judgment |
| June 15, 2020: | Deadline for defendant's reply |

Despite the informal nature of this Memorandum, it is an Order of the Court and the Clerk is directed to docket it as such.

Sincerely,

_____/s/_____
Ellen Lipton Hollander
United States District Judge